1
2
3
4
5
6
7
8
9
10

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

11
12
13
14
15
16
17

| | |
|---|---|
| MARTHA GAMERO,<br><br>              Plaintiff,<br><br>     v.<br><br>CAROLYN W. COLVIN, Acting<br>Commissioner of Social Security,<br><br>              Defendant. | Case No. CV 15-1330 JC<br><br>MEMORANDUM OPINION AND<br>ORDER OF REMAND |

18   **I.   SUMMARY**

19        On February 25, 2015, Martha Gamero ("plaintiff") filed a Complaint

20   seeking review of the Commissioner of Social Security's denial of plaintiff's

21   applications for benefits.  The parties have consented to proceed before the

22   undersigned United States Magistrate Judge.

23        This matter is before the Court on the parties' cross motions for summary

24   judgment, respectively ("Plaintiff's Motion") and ("Defendant's Motion").  The

25   Court has taken both motions under submission without oral argument.  See Fed.

26   R. Civ. P. 78; L.R. 7-15; February 26, 2015 Case Management Order ¶ 5.

27   ///

28   ///

1

1    Based on the record as a whole and the applicable law, the decision of the
2    Commissioner is REVERSED AND REMANDED for further proceedings
3    consistent with this Memorandum Opinion and Order of Remand.

4    **II.    BACKGROUND AND SUMMARY OF ADMINISTRATIVE**
5    **DECISION**

6    On February 17, 2011, plaintiff filed applications for Supplemental Security
7    Income and Disability Insurance Benefits.  (Administrative Record ("AR") 20,
8    149, 159).  Plaintiff asserted that she became disabled on January 21, 2008, due to
9    carpal tunnel syndrome and diabetes.  (AR 20, 197-98).  The Administrative Law
10   Judge ("ALJ") examined the medical record and heard testimony from plaintiff
11   (who was represented by counsel) and a vocational expert on March 26, 2013.
12   (AR 36-53).

13   On April 17, 2013, the ALJ determined that plaintiff was not disabled
14   through the date of the decision.  (AR 20-30).  Specifically, the ALJ found:
15   (1) plaintiff suffered from the following severe impairments:  mild bilateral carpal
16   tunnel syndrome (status post left carpal tunnel release), diabetes mellitus,
17   hypertension, cervical strain/sprain, left shoulder impingement, and cervical
18   spondylosis (AR 22); (2) plaintiff's impairments, considered singly or in
19   combination, did not meet or medically equal a listed impairment (AR 23-24);
20   (3) plaintiff retained the residual functional capacity to perform light work
21   (20 C.F.R. §§ 404.1567(b), 416.967(b)), but with no overhead reaching (AR 24);
22   (4) plaintiff was capable of performing past relevant work as a packer (AR 29-30);
23   and (5) plaintiff's allegations regarding the intensity, persistence, and limiting
24   effects of her subjective symptoms were not entirely credible (AR 24, 27-29).

25   The Appeals Council denied plaintiff's application for review.  (AR 4).
26   ///
27   ///
28   ///

2

**III.   APPLICABLE LEGAL STANDARDS**

   **A.   Sequential Evaluation Process**

   To qualify for disability benefits, a claimant must show that the claimant is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." Molina v. Astrue, 674 F.3d 1104, 1110 (9th Cir. 2012) (quoting 42 U.S.C. § 423(d)(1)(A)) (internal quotation marks omitted).  The impairment must render the claimant incapable of performing the work the claimant previously performed and incapable of performing any other substantial gainful employment that exists in the national economy.  Tackett v. Apfel, 180 F.3d 1094, 1098 (9th Cir. 1999) (citing 42 U.S.C. § 423(d)(2)(A)).

   In assessing whether a claimant is disabled, an ALJ is to follow a five-step sequential evaluation process:

(1)   Is the claimant presently engaged in substantial gainful activity?  If so, the claimant is not disabled.  If not, proceed to step two.

(2)   Is the claimant's alleged impairment sufficiently severe to limit the claimant's ability to work?  If not, the claimant is not disabled.  If so, proceed to step three.

(3)   Does the claimant's impairment, or combination of impairments, meet or equal an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1?  If so, the claimant is disabled.  If not, proceed to step four.

(4)   Does the claimant possess the residual functional capacity to perform claimant's past relevant work?  If so, the claimant is not disabled.  If not, proceed to step five.

(5)   Does the claimant's residual functional capacity, when considered with the claimant's age, education, and work

3

1    experience, allow the claimant to adjust to other work that
2    exists in significant numbers in the national economy?  If so,
3    the claimant is not disabled.  If not, the claimant is disabled.

4   Stout v. Commissioner, Social Security Administration, 454 F.3d 1050, 1052 (9th
5   Cir. 2006) (citing 20 C.F.R. §§ 404.1520, 416.920); see also Molina, 674 F.3d at
6   1110 (same).

7        The claimant has the burden of proof at steps one through four, and the
8   Commissioner has the burden of proof at step five.  Bustamante v. Massanari, 262
9   F.3d 949, 953-54 (9th Cir. 2001) (citing Tackett, 180 F.3d at 1098); see also Burch
10  v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005) (claimant carries initial burden of
11  proving disability).

12       **B.    Standard of Review**

13       Pursuant to 42 U.S.C. section 405(g), a court may set aside a denial of
14  benefits only if it is not supported by substantial evidence or if it is based on legal
15  error.  Robbins v. Social Security Administration, 466 F.3d 880, 882 (9th Cir.
16  2006) (citing Flaten v. Secretary of Health & Human Services, 44 F.3d 1453, 1457
17  (9th Cir. 1995)).  Courts review only the reasons provided in the ALJ's decision,
18  and the decision may not be affirmed on a ground upon which the ALJ did not
19  rely.  See Orn v. Astrue, 495 F.3d 625, 630 (9th Cir. 2007) (citing Connett v.
20  Barnhart, 340 F.3d 871, 874 (9th Cir. 2003)).

21       Substantial evidence is "such relevant evidence as a reasonable mind might
22  accept as adequate to support a conclusion."  Richardson v. Perales, 402 U.S. 389,
23  401 (1971) (citations and quotations omitted).  It is more than a mere scintilla but
24  less than a preponderance.  Robbins, 466 F.3d at 882 (citing Young v. Sullivan,
25  911 F.2d 180, 183 (9th Cir. 1990)).  To determine whether substantial evidence
26  supports a finding, a court must "'consider the record as a whole, weighing both
27  evidence that supports and evidence that detracts from the [Commissioner's]
28  conclusion.'"  Aukland v. Massanari, 257 F.3d 1033, 1035 (9th Cir. 2001)

1  (quoting Penny v. Sullivan, 2 F.3d 953, 956 (9th Cir. 1993)).  A denial of benefits
2  must be upheld if the evidence could reasonably support either affirming or
3  reversing the ALJ's decision.  Robbins, 466 F.3d at 882 (a court may not
4  substitute its judgment for that of the ALJ) (citing Flaten, 44 F.3d at 1457); see
5  also Molina, 674 F.3d at 1111 ("Even when the evidence is susceptible to more
6  than one rational interpretation, we must uphold the ALJ's findings if they are
7  supported by inferences reasonably drawn from the record.") (citation omitted).

8       Even when an ALJ's decision contains error, it must still be affirmed if the
9  error was harmless.  Treichler v. Commissioner of Social Security Administration,
10  775 F.3d 1090, 1099 (9th Cir. 2014).  An ALJ's error is harmless if (1) it was
11  inconsequential to the ultimate nondisability determination; or (2) the ALJ's path
12  may reasonably be discerned, even if the ALJ explains the ALJ's decision with
13  less than ideal clarity.  Id. (citation, quotation marks, and internal quotations
14  marks omitted).

15       A reviewing court may not make independent findings based on the
16  evidence before the ALJ to conclude that the ALJ's error was harmless.
17  Brown-Hunter v. Colvin, __ F.3d __, 2015 WL 6684997, *4 (9th Cir. Nov. 3,
18  2015) (citations omitted); see also Marsh v. Colvin, 792 F.3d 1170, 1172 (9th Cir.
19  2015) (district court may not use harmless error analysis to affirm decision on
20  ground not invoked by ALJ) (citation omitted).  Where a reviewing court cannot
21  confidently conclude that an error was harmless, a remand for additional
22  investigation or explanation is generally appropriate.  See Marsh, 792 F.3d at 1173
23  (remanding for additional explanation where ALJ ignored treating doctor's
24  opinion and court not could not confidently conclude ALJ's error was harmless);
25  Treichler, 775 F.3d at 1099-1102 (where agency errs in reaching decision to deny
26  benefits and error is not harmless, remand for additional investigation or
27  explanation ordinarily appropriate).
28  ///

**IV.   DISCUSSION**

Plaintiff contends that the ALJ erroneously found no severe mental impairment at step two of the sequential evaluation process, essentially because the ALJ failed properly to consider certain medical opinions.  (Plaintiff's Motion at 4-10).  The Court finds that a remand is warranted because the ALJ failed to consider significant probative medical opinion evidence, and the Court cannot find that the ALJ's error was harmless.

**A.   Pertinent Law**

**1.   Step Two**

At step two, a claimant must present evidence of "signs, symptoms, and laboratory findings"[1] which establish a medically determinable physical or mental impairment that is severe and, at least, has lasted or can be expected to last for a continuous period of twelve months or more.  Ukolov v. Barnhart, 420 F.3d 1002, 1004-05 (9th Cir. 2005) (citing 42 U.S.C. §§ 423(d)(3), 1382c(a)(3)(D)); see 20 C.F.R. §§ 404.1508, 404.1509, 404.1520(a)(4)(ii), 416.908, 416.909, 416.920(a)(4)(ii).  Step two is "a de minimis screening device [used] to dispose of groundless claims."  Smolen v. Chater, 80 F.3d 1273, 1290 (9th Cir. 1996).  An impairment is "not severe" only if the evidence establishes a "slight abnormality" that has "no more than a minimal effect" on a claimant's "physical or mental ability to do basic work activities."[2]  20 C.F.R. §§ 404.1521(a), 416.921(a); Webb

---

[1]Medical "[s]igns are anatomical, physiological, or psychological abnormalities which can be . . . shown by medically acceptable clinical diagnostic techniques."  20 C.F.R. §§ 404.1528(b), 416.928(b).  "Symptoms" are an individual's own perception or description of the impact of a physical or mental impairment.  20 C.F.R. §§ 404.1528(a), 416.928(a).

[2]"Basic work activities" are "the abilities and aptitudes necessary to do most jobs" including "(1) Physical functions such as walking, standing, sitting, lifting, pushing, pulling, reaching, carrying, or handling; [¶] (2) Capacities for seeing, hearing, and speaking; [¶] (3) Understanding, carrying out, and remembering simple instructions; [¶] (4) Use of judgment;
(continued...)

1  v. Barnhart, 433 F.3d 683, 686 (9th Cir. 2005) (citations and internal quotation

2  marks omitted).

3       When determining the severity of a plaintiff's mental impairment, an ALJ

4  must evaluate the four broad functional areas known as "paragraph B" criteria,

5  namely (1) activities of daily living; (2) social functioning; (3) concentration,

6  persistence, or pace; and (4) episodes of decompensation.  20 C.F.R.

7  §§ 404.1520a(c)(3), 416.920a(c)(3).  If the degree of limitation in the first three

8  functional areas is "none" or "mild," and there are no episodes of decompensation,

9  a plaintiff's mental impairment is generally found "not severe" unless there is

10 evidence indicating a more than minimal limitation in the plaintiff's ability to

11 perform basic work activities.  See 20 C.F.R. §§ 404.1520a(d)(1), 416.920a(d)(1).

12                    **2.    Medical Opinion Evidence**

13       In Social Security cases, courts give varying degrees of deference to

14 medical opinions depending on the type of physician who provided them, namely

15 "treating physicians," "examining physicians," and "nonexamining physicians."

16 Garrison v. Colvin, 759 F.3d 995, 1012 (9th Cir. 2014) (citation and quotation

17 marks omitted).  A treating physician's opinion is generally given the most weight.

18 See 20 C.F.R. §§ 404.1527(c)(2), 416.927(c)(2); Orn v. Astrue, 495 F.3d 625, 631

19 (9th Cir. 2007) (citations and quotation marks omitted); Smolen, 80 F.3d at 1285

20 (citations omitted).  An examining, but non-treating physician's opinion is entitled

21 to less weight than a treating physician's, but more weight than a nonexamining

22 physician's opinion.  Garrison, 759 F.3d at 1012 (citation omitted).  The weight

23 that may be afforded to non-examining physicians depends "on the degree to

24 which they provide supporting explanations for their opinions."  Ryan v.

25 ///

26

27       [2](...continued)
    [¶] (5) Responding appropriately to supervision, co-workers and usual work situations; and
28 [¶] (6) Dealing with changes in a routine work setting."  20 C.F.R. §§ 404.1521(b), 416.921(b).

1   Commissioner of Social Security, 528 F.3d 1194, 1201 (9th Cir. 2008) (citation
2   omitted).

3   An ALJ may reject a nonexamining physician's opinion "by reference to
4   specific evidence in the medical record." Sousa v. Callahan, 143 F.3d 1240, 1244
5   (9th Cir. 1998). Although an ALJ is not bound by the opinions of a nonexamining
6   physician, the ALJ's decision still "must explain the weight given to [such]
7   opinions. . . ." Chavez v. Astrue, 699 F. Supp. 2d 1125, 1135 (C.D. Cal. 2009)
8   (citations and quotation marks omitted); see also Sawyer v. Astrue, 303 Fed.
9   Appx. 453, 455 (9th Cir. 2008) ("An ALJ is required to consider as opinion
10  evidence the findings of state agency medical consultants; the ALJ is also required
11  to explain in his decision the weight given to such opinions.").

12  ### B.   Pertinent Facts

13  In an August 24, 2011, Psychiatric Review Technique, Dr. Christal Janssen,
14  a state agency reviewing psychologist, found plaintiff's paragraph B criteria to
15  include (1) mild restriction of activities of daily living; (2) mild difficulties in
16  maintaining social functioning; (3) moderate difficulties in maintaining
17  concentration, persistence, or pace; and (4) no episodes of decompensation of
18  extended duration. (AR 818).

19  In a Mental Residual Functional Capacity Assessment of the same date, Dr.
20  Janssen concluded, among other things, that plaintiff was moderately limited in
21  her abilities to (1) maintain attention and concentration for extended periods;
22  (2) complete a normal workday and workweek without interruptions from
23  psychologically-based symptoms and to perform at a consistent pace without an
24  unreasonable number and length of rest periods; (3) accept instructions and
25  respond appropriately to criticism from supervisors; (4) respond appropriately to
26  changes in the work setting; and (5) set realistic goals or make plans
27  independently of others ("Dr. Janssen's Opinions"). (AR 804-05).
28  ///

8

C.     **Analysis**

As plaintiff correctly notes (Plaintiff's Motion at 4-10), the ALJ's decision does not mention Dr. Janssen's Psychiatric Review Technique or Mental Residual Functional Capacity Assessment of August 24, 2011, much less Dr. Janssen's Opinions expressed therein.  (AR 22-28).  This constitutes error.  See Chavez, 699 F. Supp. 2d at 1135 (C.D. Cal. 2009) (ALJ may not ignore opinions of nonexamining doctors) (citations and quotation marks omitted); see also Garrison, 759 F.3d at 1012-13 ("an ALJ errs when he rejects a medical opinion or assigns it little weight while doing nothing more than ignoring it") (citing Nguyen v. Chater, 100 F.3d 1462, 1464 (9th Cir. 1996)).  Although, as defendant suggests (Defendant's Motion at 3-6), the ALJ may be able to reject Dr. Janssen's Opinions on adequate grounds, the ALJ did not sufficiently do so in the administrative decision.  This Court may not affirm the ALJ's non-disability determination based on reasons not articulated by the ALJ.  See Molina, 674 F.3d at 1121 (citing Securities and Exchange Commission v. Chenery Corp., 332 U.S. 194, 196(1947)) ("[courts] may not uphold an [ALJ's] decision on a ground not actually relied on by the agency"); Orn, 495 F.3d at 630 ("We review only the reasons provided by the ALJ in the disability determination and may not affirm the ALJ on a ground upon which he did not rely."); see also Connett, 340 F.3d at 874 ("We are constrained to review the reasons the ALJ asserts.").

In addition, the Court cannot confidently conclude that the ALJ's error was inconsequential to the ultimate nondisability determination.  While the ALJ did not deny plaintiff's disability claims at step two, the ALJ neither rejected Dr. Janssen's Opinions nor accounted for the mental limitations therein at later steps of the sequential evaluation process.  Cf. Lewis v. Astrue, 498 F.3d 909, 911 (9th Cir. 2007) (failure to address particular impairment at step two harmless if ALJ fully evaluates claimant's medical condition in later steps of sequential evaluation process); Social Security Ruling 96-8p, at *5 ("In assessing [residual functional

1    capacity], the adjudicator must consider limitations and restrictions imposed by all

2    of an individual's impairments, even those that are not 'severe.'").  Moreover, at

3    the hearing, the vocational expert testified that "[t]here would be no work

4    available" if plaintiff (or a hypothetical individual with the same characteristics as

5    plaintiff) had essentially the same mental limitations as identified in Dr. Janssen's

6    Opinions (*i.e.*, that plaintiff was "moderately limited in ability to sustain attention,

7    concentration, moderately limited in ability to complete a normal workday or

8    workweek, and moderately limited in ability to interact with a supervisor. . ."), and

9    such mental limitations caused plaintiff to be "off task" at least 20 percent of the

10    time.  (AR 52).  The Court therefore cannot conclude that the ALJ's nondisability

11    determination at step four would have been the same had the ALJ included such

12    mental limitations in his residual functional capacity assessment for plaintiff and

13    the hypothetical question to the vocational expert.

14        Accordingly, remand is warranted so the ALJ may properly evaluate the

15    medical opinion evidence.

16    ///

17    ///

18    ///

19    ///

20    ///

21    ///

22    ///

23    ///

24    ///

25    ///

26    ///

27    ///

28    ///

1   **V.      CONCLUSION**[3]

2            For the foregoing reasons, the decision of the Commissioner of Social

3   Security is reversed in part, and this matter is remanded for further administrative

4   action consistent with this Opinion.[4]

5            LET JUDGMENT BE ENTERED ACCORDINGLY.

6   DATED:  November 23, 2015

7

8                                      _____/s/_____

9                                      Honorable Jacqueline Chooljian

10                                     UNITED STATES MAGISTRATE JUDGE

11

12

13

14

15

16

17

18

19

20

21

22   _____

23            [3]The Court need not, and has not adjudicated plaintiff's other challenges to the ALJ's
     decision, except insofar as to determine that a reversal and remand for immediate payment of
24   benefits would not be appropriate.

25            [4]When a court reverses an administrative determination, "the proper course, except in rare
26   circumstances, is to remand to the agency for additional investigation or explanation."
     Immigration & Naturalization Service v. Ventura, 537 U.S. 12, 16 (2002) (citations and
27   quotations omitted).  Remand is proper where, as here, "additional proceedings can remedy
     defects in the original administrative proceeding. . . ." Garrison, 759 F.3d at 1019 (citation and
28   internal quotation marks omitted).